UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DAVE HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:20-CV-223 |
| | ) | |
| TOYOTA MOTOR | ) | |
| MANUFACTURING, INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     This is an action brought by Plaintiff, Dave Hollingsworth ("Hollingsworth"), by counsel, against Defendant, Toyota Motor Manufacturing, Indiana, Inc., ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq.*

### II. PARTIES

2.     Hollingsworth is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

1

### III.   JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, U.S.C. §2617(a)(2), and 29 U.S.C. § 626

5.      Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6.      At all times relevant to this action, Hollingsworth was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and and 29 U.S.C. § 630(b).

7.      Hollingsworth, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.      Hollingsworth is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Hollingsworth's disability and/or Defendant regarded Hollingsworth as being disabled.

9.      Hollingsworth exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

10.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.     Hollingsworth, who was born in 1969, was hired by the Defendant in or about May 2000. He most recently worked as a Quality Inspector/Team Member.

12.     At all times relevant, Hollingsworth met or exceeded Defendant's legitimate performance expectations.

13.     Hollingsworth has a serious health condition and/or is disabled within the meaning of the Americans with Disabilities Act, as amended (ADAA) and/or is regarded as disabled by the Defendant.  He has recurrent kidney stones which affect a major bodily function. Defendant was aware of Hollingsworth's disability/serious health condition, as he was out on leave under the FMLA in September 2018 for kidney surgery.  Hollingsworth returned in October 2018, and he had additional surgery and was out between November 13-19, 2018.

14.     In October 2019, Hollingsworth again had surgery and utilized leave under the FMLA due to his disability. He returned to work on October 7, 2019.

15.     Upon his return, Defendant accused Hollingsworth of not doing his job and placed him on suspension while it conducted an investigation.

16.     On October 14, 2019, Defendant terminated Hollingsworth's employment. The reason given for the termination is pretext for discrimination based on Hollingsworth's age and/or disability.  Similarly-situated younger individuals who are not disabled or utilized leave under the FMLA, including Alex Cunningham, have been accused of the same conduct as Hollingsworth and have not been terminated.

## V. LEGAL ALLEGATIONS

### COUNT I – DISABILITY DISCRIMINATION

17.     Paragraphs one (1) through sixteen (16) of Hollingsworth' Complaint are hereby incorporated.

18.     Defendant violated Hollingsworth' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by terminating him because of his actual or perceived disability.

19.     Defendant's actions were intentional, willful and in reckless disregard of Hollingsworth' rights as protected by the ADA.

20.     Hollingsworth has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: AGE DISCRIMINATION

21.     Hollingsworth hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22.     Defendant violated Hollingsworth' rights as protected by the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 *et. seq.* by terminating his employment.

23.     Defendant's actions were intentional, willful, and in reckless disregard of Hollingsworth' rights as protected by the ADEA.

24.     Hollingsworth suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA RETALIATION

25.     Hollingsworth hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26.     Defendant unlawfully retaliated against Hollingsworth for his use of leave under the FMLA.

27.     Defendant's actions were intentional, willful, and in reckless disregard of Hollingsworth's rights as protected by the FMLA.

28.     Hollingsworth suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Dave Hollingsworth, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4.     Pay to Plaintiff liquidated damages;

5.     Pay to Plaintiff punitive damages;

6.     Pay to Plaintiff pre- and post-judgment interest;

7.     Pay Plaintiff's costs and attorney fees incurred in litigating this action;

and,

8.     Provide any further equitable relief this Court sees fit to grant.


                              Respectfully submitted,



                              /s/ Lauren E. Berger_____
                              Lauren E. Berger, Atty. No. 29826-19
                              Kyle F. Biesecker, Atty. No. 24095-49
                              BIESECKER DUTKANYCH & MACER, LLC
                              411 Main Street
                              Evansville, IN 47708
                              Telephone:   (812) 424-1000
                              Facsimile:   (812) 424-1005
                              Email:       lberger@bdlegal.com
                                           kfb@bdlegal.com

                              *Attorneys for Plaintiff, Dave Hollingsworth*

## DEMAND FOR JURY TRIAL

The Plaintiff, David Hollingsworth, by counsel, respectfully requests a jury trial

for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          lberger@bdlegal.com
                    kfb@bdlegal.com

*Attorneys for Plaintiff, Dave Hollingsworth*